IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  03-cv-01807-PSF-CBS

ROCKY MOUNTAIN HEALTH MAINTENANCE ORGANIZATION, INC.,
a Colorado nonprofit corporation, d/b/a Rocky Mountain HMO and also
d/b/a Rocky Mountain Health Plans,

      Intervenor Plaintiff,

v.

JKJ EQUIPMENT COMPANY, INC., a foreign corporation, d/b/a Circus Chimera, and
SAUL CHIMAL-ALVARADO,

      Defendants.

---

## ORDER DIRECTING ENTRY OF JUDGMENT

---

This matter comes before the Court on Plaintiff's Motion to Enforce Settlement
(Dkt. # 133), filed July 6, 2005, and Intervenor's Motion for Entry of Judgment (Dkt.
# 132), filed July 1, 2005.  Plaintiff and the intervenor seek enforce of the terms of
settlement agreements entered into between them and defendants on April 28, 2005
and May 27, 2005, respectively.

On July 20, 2005, this Court held a hearing on these motions with all counsel
present, as well as a representative of Defendant JKJ Equipment Company who signed
the settlement agreements with plaintiff and the intervenor.  The Court had previously
ordered a representative of the insurance companies that were thought to be providing
insurance for the defendants during the course of this case to also be present in person
at the hearing.  No insurance company representative attended.

At the hearing, counsel for the respective defendants attempted to present an explanation of why the payments set forth in the settlement agreements have not been fully made on behalf of the defendants.  They primarily indicated that the representatives of the insurance companies that were understood to be providing coverage for defendants were failing to communicate with counsel, and were failing to acknowledge the obligations of the settlements agreements.  The Court found that the settlement agreements had been entered into by the defendants themselves, that the defendants were obligated to perform under the settlement agreements, and that the failures to perform by the insurance companies were not relevant to plaintiff's and intervenor's respective rights to judgments.  As the Court had retained jurisdiction over this case for the purpose of enforcing the settlement agreements, the Court advised the parties and counsel on the record that the motions would be granted if the payments due under the settlement agreements were not made by July 26, 2005, or some other resolution reached between the parties, and it would enter judgments in favor of plaintiff and intervenor and against defendants.

As of July 26, 2005, the Court has received a filing from counsel for Defendant Chimal-Alvarado, to which are attached letters indicating efforts to obtain payment of the settlement amounts through an insurance company, a denial by the insurance company that there was coverage for these defendants, and a letter indicating that a so-called representative of the putative insurer may have engaged in fraudulent and putative unauthorized acts that have been called to the attention of the Illinois Attorney General's Office and the Illinois Department of Insurance.  A copy of a temporary

restraining order dated July 13, 2005, enjoining the "representative" from holding himself out as an agent or producer of Fire & Casualty Ins. Co. of Conn. and Security Ins. Co. of Hartford, issued by the Cook County, Illinois Circuit Court, is also attached. All of this intrigue, however interesting, is of no avail to any of the parties.

Accordingly, the Clerk of the Court is directed to enter judgment in favor of Plaintiff Perkins and against defendants, jointly and severally, in the amount of $860,000, plus prejudgment interest on $250,000 of that amount from June 27, 2005 to the date of judgment at the rate of 8% per annum, together with post-judgment interest on the entire amount at the applicable rate.

Furthermore, the Clerk of the Court is directed to enter judgment in favor of Intervenor Rocky Mountain Health Maintenance Organization, Inc., and against defendants, jointly and severally, in the amount of $300,000, plus prejudgment interest on that amount from June 27, 2005 to the date of judgment at the rate of 8% per annum, together with post-judgment interest on the entire amount at the statutory rate.

DATED:  July 27, 2005

BY THE COURT:

s/ Phillip S. Figa

_____

Phillip S. Figa
United States District Judge