IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No.  03-cv-01807-PSF-CBS

DANIEL K. PERKINS,

    Plaintiff,

ROCKY MOUNTAIN HEALTH MAINTENANCE ORGANIZATION, INC.,
a Colorado nonprofit corporation, d/b/a Rocky Mountain HMO and also
d/b/a Rocky Mountain Health Plans,

    Intervenor Plaintiff,

v.

JKJ EQUIPMENT COMPANY, INC., a foreign corporation, d/b/a Circus Chimera, and
SAUL CHIMAL-ALVARADO,

    Defendants.

## ORDER ON PLAINTIFF'S "REQUEST FOR ADDITIONAL RELIEF"

This matter comes before the Court on the motion of Plaintiff Daniel Perkins, filed August 10, 2005, titled "Request For Additional Relief Re: Enforcement of Settlement Agreement." (Dkt. # 144).  For the reasons set forth below, this "request," treated as a motion for post-judgment relief, is DENIED.

On July 27, 2005, this Court entered an ordered directing the entry of judgment against Defendants JKJ Equipment Company and Saul Chimal-Alvarado, and a judgment was entered by the Clerk of the Court on August 1, 2005.  Plaintiff's pending motion seeks an order directed at non-parties to this case, Mr. Richard Brooks and Richard Brooks & Associates, Ltd., to show cause why they should not be liable for the

judgment entered against defendants.  The present motion also seeks an order directing the "putative insurance company[ies]" to appear in court and answer questions regarding coverage issues.

Plaintiff has cited no authority for its effort to seek to make Richard Brooks or his company liable for the judgment entered in plaintiff's favor.  Plaintiff has represented that he received a partial payment of the settlement with defendants by means of a check drawn on Mr. Brooks' account.  However, neither Mr. Brooks nor his company have been parties to this action.  The Court is not aware of any basis for making them liable directly to plaintiff based on the present state of the record, or for exercising any jurisdiction over them, and accordingly declines to issue the show cause order directed at these entities.  If plaintiff has a claim against these entities, it will have to be brought in an appropriate forum with appropriate procedural safeguards.

If plaintiff wishes to seek post-judgment discovery from the putative insurance companies, he may do so consistent with the mechanisms made available by Rule 69(a), F.R.Civ.P.  This Court need not be involved directly in such discovery at this juncture and therefore declines to enter the order requested by plaintiff.

DATED: August 18, 2005.

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge